IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DELORES E. MARKS                                                                                    PLAINTIFF

VS.                                            CIVIL NO. 05-3023

JO ANNE B. BARNHART, COMMISSIONER
SOCIAL SECURITY ADMINISTRATION                                                                      DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Delores Marks, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claim for disability insurance benefits ("DIB") and supplemental security income benefits ("SSI") under Titles II and XVI of the Act.

**Procedural Background:**

The applications for DIB and SSI now before this court were filed on April 13, 1999,[1] alleging an inability to work since December 28, 1998, due to problems with her legs, hips, lower back, and feet. (Tr. 72-74). An administrative hearing was then held on February 14, 2001, which resulted in an unfavorable decision. (Tr. 197-211). Plaintiff appealed that decision to the Appeals Council, following which the case was remanded to the Administrative Law Judge ("ALJ").

A supplemental hearing was held on February 1, 2002. (Tr. 347-373). Plaintiff was present and represented by counsel. At the time of the supplemental hearing, plaintiff was thirty-eight years old and had a tenth grade education. (Tr. 17). The record reveals that she had past relevant work experience ("PRW") as a nylon welder, emergency medical technician driver/attendant, rental agent, cashier, certified nursing assistant, sewing machine operator, and housekeeper. (Tr. 17).

---

[1]Records indicate that plaintiff has filed previous applications for benefits in March 1998, alleging a disability onset date of December 1997. (Tr. 17). These claims were denied at the initial stage in June 1998, and were not pursued further by plaintiff. (Tr. 17).

On June 22, 2003, the ALJ issued a written decision finding that, although plaintiff did suffer from a severe impairment or combination of impairments, but she did not have an impairment that met or equaled an impairment listed in Appendix 1, Subpart P, Regulations No. 4. (Tr. 25). The ALJ then determined that plaintiff maintained the residual functional capacity ("RFC") to perform light work, with slight limitations in her ability to carry out simple instructions, understand and carry out detailed instructions, and read instructions above a fourth grade level. (Tr. 24-25). He also noted that plaintiff could only occasionally climb, kneel, balance, crouch, crawl, and stoop. After receiving written responses from a vocational expert, the ALJ found that plaintiff's impairments did not prevent her from performing her PRW. (Tr. 25).

On February 25, 2005, the Appeals Council declined to review this decision. (Tr. 7-9). Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned for report and recommendation. Although both parties were afforded the opportunity to file appeal briefs, plaintiff has chosen not to do so. (Doc. # 8).

**Applicable Law**:

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley*

*v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. §§ 404.1520(a)- (f)(2003), 416.920. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920 (2003).

**Discussion:**

Of particular concern to the undersigned is the ALJ's failure to properly consider plaintiff's mental impairments. We note that plaintiff was examined by Dr. Vann Smith on February 26, 2001, and diagnosed with a mild to moderate neurocognitive and affective disorder of a slowly progressing nature. (Tr. 261). He noted that these symptoms significantly interfered with plaintiff's ability to carry out routine activities of daily living, rendering her disabled. Dr. Smith then assessed her global assessment of functioning ("GAF") at fifty, stating that her highest prior score was approximately seventy-five or eighty. (Tr. 261).

On March 15, 2002, plaintiff was evaluated by Dr. Stephen Austin at Ozark Counseling Services, Inc. (Tr. 313). He diagnosed her with post-traumatic stress disorder, mood disorder secondary to fibromyalgia, and dependent personality disorder. Dr. Austin also concluded that plaintiff's GAF was fifty. As such, he prescribed Desyrel and Zoloft. (Tr. 313).

On June 3, 2002, Dr. William Nichols evaluated plaintiff. (Tr. 290-294). Following an interview, he diagnosed plaintiff with a mild to moderate affective disorder. (Tr. 293). Dr. Nichols noted that there was likely a significant interaction between plaintiff's affective symptoms and her physical ailments, indicating the presence of a pain disorder.[2] Further, he indicated that plaintiff's disorder resulted in an ability to understand and remember simple to moderately complex instructions, handle moderate work pressures, and perform a job that required physical tasks. (Tr. 294). However, Dr. Nichols noted that she would have difficulty performing detailed tasks or tasks

---

[2]We note that Dr. Nichols did state that plaintiff could have been attempting to malinger in order to obtain financial assistance. However, his assessment presumes that plaintiff was not malingering. As such, we do not believe that a statement of what "could be" is a sufficient reason to dismiss plaintiff's subjective complaints.

4

requiring vigilance and sustained effort. (Tr. 296-297). In addition, he stated that her reading recognition and comprehension issues would impair her ability to perform jobs requiring written material above the fourth grade level. (Tr. 297). Dr. Nichols then assessed plaintiff with a GAF of fifty-nine. (Tr. 293).

According to the Diagnostic and Statistical Manual of Mental Disorders, a GAF of fifty indicates the presence of "serious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) or a serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)." DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS IV-TR 34 (4th ed. 2000). Further, a GAF of fifty-nine reveals "moderate symptoms (e.g., flat affect and circumstantial speech, occasional panic attacks) or moderate difficulty in social, occupational, or school functioning (e.g., few friends, conflicts with peers or co-workers)." *Id*. However, the ALJ has failed to address or consider the GAF's assessed by the various examining psychologists/psychiatrists. Because notes from plaintiff's counseling session indicate an ongoing sad/depressed mood/affect with limited improvement, we believe that the case should be remanded to allow the ALJ to consider this evidence, and seek clarification regarding plaintiff's mental capabilities. In so doing, the ALJ should request an explanation of plaintiff's GAF score from the examining psychologists/psychiatrists.

We also note that the ALJ seems to have dismissed the opinions of many of these examining doctors without explaining his reasons for doing so. Whether the ALJ grants a treating physician's opinion substantial or little weight, the regulations provide that the ALJ must "always give good reasons" for the particular weight given to a treating physician's evaluation. 20 C.F.R §

404.1527(d)(2); *see also* SSR 96-2p; *See Prosch v. Apfel,* 201 F.3d at 1010, 1012-13 (8th Cir. 2000). Accordingly, on remand, he is directed to do so.

**Conclusion:**

Based on the foregoing, we recommend reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). **The parties have ten days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 29th day of March 2006.

/s/ Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE